IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

In Re:

| | |
|---|---|
| RUSTIC, LLC<br>　　　*Debtor* | Case No. 10-10902 TPA<br><br>Chapter 11<br><br>Related to Document No. 200 |
| WLT INVESTMENTS, LLC,<br>　　　*Movant*<br><br>v.<br><br>RUSTICK, LLC, the OFFICIAL COMM.<br>of UNSECURED CREDITORS, and<br>MERRILL LYNCH PORTFOLIO<br>MANAGEMENT, INC.,<br>　　　*Respondents.* | |

**ORDER**

On August 2, 2010 Movant filed a ***Motion for Cancellation of August 12, 2010 Hearing on Disclosure Statement*** ("Motion"), at Document No. 200. The *Motion* asks the Court to continue the August 12, 2010 hearing date on Debtor's *Disclosure Statement* to a later date and to set a new objection deadline based on the expectation that Debtor will be filing an *Amended Disclosure Statement*, together with an *Amended Plan*, prior to the current hearing date.

1

Movant argues that it would be unfair to follow the current schedule because there is insufficient time to properly review any such *Amended Disclosure Statement* and file objections thereto given the hearing date of August 12th and the objection deadline of August 5th.[1]

Movant has set forth legitimate concerns in the *Motion*. However, the relief sought in the *Motion* is premature in that it is possible no *Amended Disclosure Statement* will ever be filed. Moreover, the *Motion* is unnecessary because in the event an *Amended Disclosure Statement*, or an *Amended Plan*, is filed and has anything beyond merely incidental changes from the *Disclosure Statement* or *Plan* as previously filed, the Court will *sua sponte* act to reschedule the hearing date and issue a new objection deadline far enough in advance so as to protect the interests of the Movant and other creditors.

AND NOW, this *3rd* day of *August, 2010*, for the reasons stated above, it is **ORDERED, ADJUDGED and DECREED** that the *Motion* is **DENIED**.

Thomas P. Agresti, Chief Judge
United States Bankruptcy Court

Case Administrator to Serve:
Lawrence C. Bolla, Esq.
Mark Claypool, Esq.
Joseph M. Fornari, Jr., Esq.
Robert S. Bernstein, Esq.
James J. Rodgers, Esq.
Jennifer L. Maleski, Esq.
Nicholas R. Pagliari, Esq.
Peter C. Hughes, Esq.
Norman Gilkey, Esq.

**FILED**

AUG -3 2010

CLERK, U.S. BANKRUPTCY COURT
WEST. DIST. OF PENNSYLVANIA
ERIE OFFICE

---

[1] The "official" deadline for objections as set by the Court was July 22, 2010, which of course has already passed. Movant states that the Respondents have advised it that they would recognize an objection deadline of August 5, 2010. Although the Court does appreciate a spirit of cooperativeness among the interested parties to a bankruptcy proceeding, it does not generally approve of this sort of informal deadline extension and is not bound by it. In the future, the Parties will be better served by seeking the approval of the Court if they wish to extend a deadline previously set by the Court.

2