IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | Case Number 10-10902-TPA |
| RUSTICK, LLC | Chapter 11 |
| Debtor | The Honorable Thomas P. Agresti |
| RUSTICK LLC, | |
| Movant, | Document No. _____ |
| v. | Related to Document Nos. 188, 191 and 195 |
| MERRILL LYNCH PORTFOLIO MANAGEMENT, INC. and THE BANK OF NEW YORK MELLON TRUST COMPANY, N.A., as successor to J.P. Morgan Trust Company, National Association, | Hearing Date and Time: August 12, 2010 at 1:30 p.m. |
| | Response Date: August 10, 2010 |
| ROSALIE BISHOP, TAX COLLECTOR; and | |
| GREAT AMERICA LEASING CORP. | |
| Respondents. | |

### EVERGREEN NATIONAL INDEMNITY COMPANY'S RESPONSE TO THE MOTION OF THE DEBTOR FOR AN ORDER (A) APPROVING BIDDING PROCEDURES FOR THE SALE OF SUBSTANTIALLY ALL ASSETS OF DEBTOR; (B) SCHEDULING AN AUCTION; (C) APPROVING ASSUMPTION AND ASSIGNMENT PROCEDURES; (D) APPROVING FORM OF NOTICE; AND (E) GRANTING RELATED RELIEF

Evergreen National Indemnity Company ("Evergreen") objects to the Bidding

Procedures as currently constituted for the reasons that the Bidding Procedures fail to

protect Evergreen's position as surety. The Bidding Procedures make no provision for the financial assurance required by the Pennsylvania Department of Environmental Protection ("DEP") and fail to take into consideration the existing surety bonds issued by Evergreen.

## BACKGROUND

1. Evergreen is a duly organized and validly existing Ohio Corporation authorized to do business in Pennsylvania by the Commonwealth of Pennsylvania Insurance Department.

2. In 2005 Rustick, LLC ("Debtor') acquired the landfill from the McKean County Solid Waste Authority ("Authority"). Prior to the acquisition Evergreen provided bonds to the Authority. At the time of the acquisition the Debtor approached Evergreen to act as its surety. Evergreen's underwriting required that collateral be posted. Beginning in 2005, Debtor has posted with Evergreen, as collateral, the aggregate sum of Three Million Three Hundred Sixty Thousand Nine Hundred Thirty-Seven and 46/100 Dollars ($3,360,937.46) ("Collateral"). None of the collateral is subject to a preference claim.

3. Thereafter Debtor's bonds increased and/or renewed. On May 23, 2009, Evergreen issued two Phased Deposit Surety Bonds for a Waste Management Facility, Bond Nos. 851387, in the penal sum of Five Million Ninety-Nine Thousand Two Hundred Forty-Seven and 36/00 Dollars ($5,099,247.36), and 851388, in the penal sum of One Million Two Hundred Twenty-Seven Thousand Six Hundred Seventy-Seven and 84/100 Dollars ($1,227,677.84). A true and accurate copy of Bond No. 851387 is attached

2

hereto as Exhibit "A"; a true and accurate copy of Bond No. 851388 is attached hereto as Exhibit "B". On June 1, 2009, Evergreen issued a surety bond for a Waste Management Facility, Bond No. 851425, in the penal sum of Three Hundred Fifteen Thousand Eight Hundred Seventy-Five Dollars ($315,875.00). A true and accurate copy of Bond No. 851425 is attached hereto as Exhibit "C".

4. Liability upon each bond is as follows:

> LIABILITY UPON THIS BOND shall be for the amount specified herein. Liability upon this bond shall be continuous from the initiation of operations at the facility, and shall continue for the duration of the processing and/or disposal of solid waste at the aforesaid facility and for a period of ten (10) years after the approved final closure of the site, unless released in whole or in part by the Department, in writing, prior thereto as provided by law. In the event any environmental damage is caused by the Principal in violation of the aforementioned law, then the bond shall not be released, but the liability under this bond shall continue until such environmental damage is corrected and the site restored to a condition of compliance with the aforementioned law. This bond shall be in default if the Principal fails, refuses or is unable to complete restoration work as directed, in writing, by the Department. Liability upon this bond shall extend to the entire facility. It is agreed and understood by the Surety and the Principal that this bond covers and includes any and all liabilities and obligations under the aforementioned law which accrued on the permit site prior to the issuance of Permit No. 100361 [Bond No. 851425 refers to Permit No. 101694], as well as any and all liabilities and obligations of the Principal to be accrued under the law from the date of issuance of the Permit until such times as the Department shall release, in writing, such liabilities and obligations. (Exhibits A, B and C, p. 3)

5. Evergreen's bond exposure to the Commonwealth of Pennsylvania totals Six Million Six Hundred Forty-Two Thousand Eight Hundred and 20/100 Dollars ($6,642,800.20).

## EVERGREEN'S OBJECTION

6. A review of the Debtor's Motion reflects two issues of concern to Evergreen.

    A. The collateral is specifically identified as an excluded asset; and

    B. The Bidding procedures are devoid of any reference to the financial assurance required by the DEP for the closure and post-closure of a Waste Management Facility, and makes no provision for the successful bidder either being a qualified buyer pursuant to Evergreen's underwriting, or that of another surety.

7. Without adequate provisions within the Bidding Procedures to ensure that the successful bidder is financially qualified to post the financial assurance required by the DEP, the entire exercise of selling substantially all of the Debtor's assets will be a waste of time and resources. The successful bidder will be required by the DEP to post the appropriate financial assurance, by bond or otherwise, in order to have the Debtor's permits transferred to the successful bidder. In the instance of Bond Nos. 851387 and 851388, both of these bonds are Phased Deposit Surety Bonds, which requires an additional amount or bond be deposited for ten (10) calendar years beginning May 23, 2010.[1] In the instance of Bond No. 851387, each phased deposit is in the sum of One Million Five Hundred Eighteen Thousand Four Hundred Sixty-Two and 06/100 Dollars ($1,518,462.06). In the instance of Bond No. 851388, each phased

---

[1] Debtor has not made the additional bond deposits which were due on May 23, 2010 and the DEP will not transfer the permits until the bond deposits are made.

4

deposit is in the sum of Three Hundred Seventy-Nine Thousand Six Hundred Fifteen and 51/100 Dollars ($379,615.51). The total aggregate bonds to be deposited pursuant to Bond Nos. 851387 and 851388 by May 23, 2019 total Twenty-Five Million Three Hundred Seven Thousand Seven Hundred Fifty-One Dollars ($25,307,751.00).

8. The successful bidder would be required to obtain its own bonds from Evergreen or another surety in order to have the permits transfer. That successful bidder would, in all likelihood, be required by Evergreen to post collateral in an amount equal to or greater than the collateral currently held by Evergreen.

WHEREFORE, Evergreen respectfully requests that this Court deny Debtor's Motion and/or Enter an Order directing Debtor to amend the Bidding Procedures to provide for the financial assurances required by the DEP so that Evergreen, as surety, is protected.

Respectfully submitted,

*/s/ Susan Fuhrer Reiter*
Susan Fuhrer Reiter
Pa. Supreme Court ID No. 43581
MacDONALD, ILLIG, JONES & BRITTON LLP
100 State Street, Suite 700
Erie, Pennsylvania 16507-1459
(814) 870-7760
FAX (814) 454-4647
sreiter@mijb.com

Co-Counsel for Evergreen National
 Indemnity Company

*/s/ Michael J. Connick*
Michael J. Connick
Ohio Bar ID No. 0046624
CONNICK & ASSOCIATES CO. LPA
North Point Tower, Suite 1720
1001 Lakeside Avenue
Cleveland, OH  44114
(216) 367-1150
FAX (216) 367-1154
mconnick@sbcglobal.net

Co-Counsel for Evergreen National
  Indemnity Company
  (admission pending)