IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | Case Number 10-10902-TPA |
| RUSTICK, LLC | : | |
| Debtor | : | Chapter 11 |
| RUSTICK, LLC, | : | The Honorable Thomas P. Agresti |
| Movant, | : | |
| v. | : | |
| MERRILL LYNCH PORTFOLIO MANAGEMENT, INC. and THE BANK OF NEW YORK TRUST COMPANY, N.A., as successor to J.P. Morgan Trust Company, National Association, | : | Related to Document No. 260 |
| ROSALIE BISHOP, TAX COLLECTOR; and | : | |
| GREAT AMERICA LEASING CORP. | : | |
| Respondents. | : | |

## ORDER

The *Debtor's and Secured Lender's Proposed List of Considerations to be Used in Determining the "Successful Bid" and "Back-Up Bid" Pursuant to Bid Procedures Order* ("Proposed List"), filed at Document No. 260, was considered at a hearing held on August 26th. The Court required the *Proposed List* to be filed in light of the unusual (at least for this District) bidding procedure requested by the Debtor and the secured lender, and approved in modified form by the Court, whereby those parties are to recommend the Successful Bid and the Back-Up Bid to the Court within a week after the auction. The purpose of requiring the *Proposed List* to be filed was to maintain the integrity of the bidding process and assure due process by avoiding both the perception and the reality of any arbitrariness or favoritism in that bidding process.

Based on its own review and the comments of counsel for interested parties made at the hearing, the Court finds that items (1)-(12) on the *Proposed List* are appropriate considerations to be used in the bid selection process. Item (13) is rejected as an attempt to incorporate an unlimited discretion into the process.

The Court also takes this opportunity to reiterate its statement made at the hearing to the effect that it begins with the strong presumption that the highest bidder at the auction should also be the Successful Bid, and the second-highest bid should be the Back-up Bid. If the Debtor and secured lender seek a result that deviates from that presumption they must accompany their recommendation with a detailed explanation, referencing the specific considerations as set forth in the *Proposed List* which they contend justify such deviation. The Court further intends to verbally express this presumption at the time of the auction so that all bidders are put on notice and understand that they have an opportunity to respond to the recommendation of the Debtor and the secured lender if they disagree with it.

AND NOW, this *30th* day of *August, 2010*, for the reasons stated above and at the time of the hearing, Items (1) through (12) of the *Proposed List* are *APPROVED* and Item (13) is *REJECTED*.

Thomas P. Agresti, Chief Judge
United States Bankruptcy Court

Case Administrator to Serve:
- Lawrence C. Bolla, Esq.
- Joseph M. Fornari, Jr., Esq.
- Robert S. Bernstein, Esq.
- J. Robert Stoll, Esq.
- Nicholas R. Pagliari, Esq.
- Peter C. Hughes, Esq.
- Guy Fustine, Esq.
- David Rudov, Esq.
- Douglas G. Moorhead, Esq.
- David Ross, Esq.
- Scott Hare, Esq.
- Paul Patterson, Esq.